(No. 75-CV-175—)

CATHERINE PETTY, on behalf of TIMOTHY PETTY, a minor, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 6, 1975.*

CATHERINE PETTY, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on August 7, 1974, in a park at 52nd Street and Racing Avenue, Chicago, Illinois. Catherine Petty, mother of the victim, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act,' *Ill. Rev. Stat., 1973, Ch. 70, §71, et seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court, and a report of the Attorney General of the State of Illinois, which substantiates matters

set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the victim, Timothy Petty, age 17, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery". (Ill. Rev. Stat., 1973, Ch. 38, §12-4).

2. That on August 7, 1974, the victim was stabbed in the back while walking through Sherman Park, 52nd Street and Racine Avenue.

3. That the victim was hospitalized from August 7, 1974, to August 9, 1974, and received treatment for injuries sustained in the stabbing. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter and the facts as reported therein are incorporated in this opinion by reference.

4. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the victim for the attack upon him.

5. That there is no evidence that the victim and his assailants were related or sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials, and the claimant has fully cooperated with their requests for assistance in the investigation of this case.

7. That the assailants have not been identified nor apprehended.

8. That the victim was unemployed during the 6 months preceding the incident, and thus he has incurred no loss of earnings, as he was a student at the time.

9. That the claimant incurred medical and hospital expenses on behalf of her son which were not covered by insurance benefits or benefits of any other kind, and the gross amount of the pecuniary loss as computed before deductions and setoffs is as follows:

| | | |
|---|---|---|
| 1) | Hospital | $279.15 |
| 2) | Medical | 85.00 |
| | | $364.15 |

10. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

"(d) shall deduct $200.00 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds, or from any other source (except annuities, pension plans, Federal social security benefits, and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)."

That, in the claim before us, the claimant received no benefits from other sources as contemplated by §7(d) of the Act. The statutory deduction of $200.00, having been deducted from the gross amount of loss as calculated in ¶9, leaves an amount of compensable loss sustained by the claimant of $164.15.

IT IS HEREBY ORDERED that the sum of $164.15 be awarded to the claimant, CATHERINE PETTY, as the mother of the minor, Timothy Petty, the innocent victim of a violent crime.